UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEONARD GROVES, JR.                                              PETITIONER

v.                                          CIVIL ACTION NO. 3:08-CV-485-M

JOSEPH MEKO, WARDEN                                           RESPONDENT

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on Leonard Groves's *pro se* petition for a writ of habeas

corpus under 28 U.S.C. § 2254.  The Respondent, Joseph Meko, Warden, moves for summary

judgment on the merits.  After thorough consideration of the parties' memoranda and exhibits in

the record, the Court concludes the claims in the petition fail to satisfy the conditions for

granting federal habeas relief, as set forth in § 2254(d),(e), and will deny the petition.

**I.**

Groves pleaded guilty, on May 20, 2005, in the Circuit Court of Hardin County,

Kentucky, to first degree robbery and five counts of first degree wanton endangerment, in

connection with the robbery of a Wendy's restaurant.[1]  The indictment charged Groves with

additional misdemeanor counts and being a persistent felony offender in the first degree.  Had

Groves proceeded to trial, he would have faced a life sentence.  Instead, Groves accepted the

commonwealth's offer to plead guilty to the felony counts in exchange for the minimum

sentence of twenty years' imprisonment and dismissal of the remaining charges.[2]  After a

thorough plea colloquy, the state court imposed the agreed-upon sentence and entered a

---

[1]Guilty Plea – Comm's Offer and Def's Mot., May 20, 2005, App.194-197 (Dkt 13, Doc. 13 at 15-18).

[2]Mot. for Summ. J. at 5.

judgment of conviction on June 28, 2005.[3]

Groves moved to withdraw the plea one month later in July, 2005. Through new counsel, Groves filed a motion to set aside the judgment based on ineffective assistance of counsel, under Rule 11.42 of the Kentucky Rules of Criminal Procedure and Rule 60.02 of the Kentucky Rules of Civil Procedure.[4] Groves claimed trial counsel failed to advise him he would be required to serve at least eighty-five percent of his sentence before being eligible for parole. Groves further claimed that counsel and the prosecutor made a "side deal" in which the commonwealth agreed to proceed with forensic testing after the guilty plea, and if the results implicated someone else, Groves's sentence would be probated after serving four years.[5]

The trial court held an evidentiary hearing on December 6, 2005, and January 10, 2006. After hearing testimony from Groves, his trial counsel and other witnesses, the trial court denied Groves's motions. Additional motion practice and appeals ensued on both the successive Rule 60.02 motion and the collateral Rule 11.42 motion. Ultimately, the Commonwealth of Kentucky Court of Appeals affirmed, August 17, 2007 and again on March 27, 2009.[6] The court of appeals held that Groves failed to establish sufficient prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), and failed to show that the plea was involuntary. The court of appeals also rejected Groves's claims that his conviction violated his federal right against double jeopardy and that the

---

[3]Judgment and Order Imposing Sentence, June 28, 2005, App. 204-206 (Dkt 13, Doc. 14 at 7).

[4]Supp. Mot. to Set Aside Jdgmt., App. 226-29 (Dkt. 13, Doc. 15 at 16-19.)

[5]Ex. to Pet., *Groves v. Commonwealth*, (Ky.App., Aug. 17, 2007) at p. 2, (Dkt 1, Doc 1-1 at 16 of 24) (hereinafter "2007 Opinion").

[6]Mot. for Sum. J. at 5-6. The appeals apparently followed two tracks, first from the 11.42 motion and later from the Rule 60.02. *See Groves v. Commonwealth*, 2007 WL 2343767 (Ky.App., Aug. 17, 2007) and *Groves v. Commonwealth*, 2009 WL 792574 (Ky. App., Mar. 27, 2009).

commonwealth was permitted to welch on its plea offer in violation of his federal right to due process.

These four claims form the basis of Groves's petition for a federal writ of habeas corpus.

## II.

**Standard of Review**

The federal habeas statute, as amended in the Antiterrorism and Effective Death Penalty Act of 1996, provides relief from a state conviction if the petition satisfies one of the following conditions:

> the [state court's] adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This statute further provides that state court determinations of fact are presumed to be correct. § 2254(e)(1).

The AEDPA's deferential standard of review does not apply, however, if a state court's adjudication omits evaluation of the merits of a federal claim presented. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). In this event, the federal court reviews *de novo* questions of law and mixed questions of law and fact presented in the habeas petition. *Id.*

**Petition, Grounds One and Two:  Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees a defendant the right to counsel.  As stated in the opinions of the Kentucky courts, the relevant standard for establishing ineffective assistance of counsel appears in the seminal Supreme Court case, *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The petitioner must show two essential elements:  that counsel's performance was deficient and that the deficiency prejudiced the defense to such a degree that the trial result is unreliable or considered to be unfair.  *Strickland,* 466 U.S. at 686; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

In the context of a guilty plea, the petitioner must show that his counsel's performance was deficient and that but for counsel's errors, there is a reasonable probability he would have not pleaded guilty.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Strickland,* 466 U.S. at 687.  In turn, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Burton v. Renico*, 391 F.3d 764, 773 (6th Cir. 2004) (internal quotation mark omitted).  On habeas review, a federal court must determine whether the state court's rulings on the ineffective-assistance-of-counsel claims were an unreasonable application of *Strickland*.  *Wiggins v. Smith*, 539 U.S. 510 (2003); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

Groves contends that trial counsel misadvised him of his parole eligibility by failing to inform him he would be required to serve at least eighty-five percent of his sentence, or seventeen years in his case.[7]  Trial counsel instead, according to Groves, advised him that he would receive probation, after serving four years of the sentence, if future DNA testing of a shirt, found near the discarded weapon used in the crime, and other forensic testing implicated another

---

[7]*See* KY. REV. STAT. ANN. § 439.3401(1) (providing that the 85% rule is mandatory to sentences for first-degree robbery).

individual.  Had he been properly advised, Groves argues, he would have not pleaded guilty.

The court of appeals evaluated the evidentiary record and concluded that Groves's argument was "unconvincing" and refuted in the record.[8]  The court of appeals found that, according to a letter Groves wrote to the prosecutor before trial, Groves clearly knew about the eighty-five percent rule.  Groves wrote, "I'll do the 20, 85%, but give me a chance."[9]  At the evidentiary hearing, Groves conceded this point but explained he did not realize the eighty-five percent rule was mandatory.  The fact remained, nevertheless, that trial counsel essentially admitted he did not inform Groves that state law delayed parole eligibility, in convictions for first degree robbery, until after serving eighty-five percent of the sentence.  And, during the plea colloquy, there was no mention of parole, only a pointed discussion about probation.

The court of appeals contrasted these points with the compelling evidence that during the plea colloquy, Groves "represented to the court, under oath, that there were no promises or representations made to him other than the 20 years to serve that was written in the plea agreement."[10]  The court of appeals further stated:

> During the plea hearing, ... [defense counsel] informed the trial court that Groves was pleading guilty against his advise. [Defense counsel] further stated that, despite Groves pleading guilty, the Commonwealth had agreed to further investigate the forensic evidence from the crime scene and would revisit the charges against Groves pending the results of the tests for fingerprint from a door facing, a door, a gun, and DNA from a shirt.
> In response, the trial court informed [defense counsel] and Groves that the plea was not conditional and once Groves entered

---

[8]Ex. to Pet., 2007 Opinion at p. 6.

[9]Ex. to Pet., 2007 Opinion at pp. 1-2.

[10]Ex. to Pet., 2007 Opinion at p. 6.

a guilty plea, *there would be no opportunity to revisit the evidence. Further, the trial court informed Groves that there would be no opportunity for probation in his case.* In fact, during the plea colloquy, the court was made aware that there was language in the plea agreement about probation and specifically crossed out the language. Groves initialed the correction and signed the plea agreement. The court asked if there were any further issues about probation or parole. Having been advised he was not eligible for probation, Groves never raised the issue of parole eligibility, even though he admittedly knew it was 85%, not 20%, as allegedly represented by his counsel. In fact, there was no mention of parole during the guilty plea proceedings and *Groves acknowledged to the court that he understood it was a twenty-year sentence to serve.* [11]

The court of appeals easily dispensed with Groves's argument that trial counsel "told him to lie to the court and say that he was not promised a deal when, in fact, he was promised '20% probation.'"[12] If true, the court of appeals reasoned, Groves's allegation is an admission that he "willingly perjured himself during the plea to secure a minimum sentence on charges of first-degree robbery and PFO I."[13] The trial court unambiguously informed him to the contrary. And when questioned whether he was satisfied with trial counsel's advise, Groves responded affirmatively.

On the second date of the evidentiary hearing, the trial court learned no DNA samples could be retrieved because the shirt contained no traces of sweat, saliva, or bodily fluids.[14] The prosecutor explained, notwithstanding, that evidence of another person's DNA would not have

---

[11]Ex. to Pet., 2007 Opinion at pp. 4-5.

[12]Ex. to Pet., 2007 Opinion at p. 2.

[13]Ex. to Pet., 2007 Opinion at p. 6.

[14]Ex. to Pet., *Groves v. Commonwealth*, (Ky.App., Mar. 27, 2009) at p. 4-5, (Dkt 11 at 7-8 of 24) (hereinafter "2009 Opinion").

been dispositive of Groves's involvement because of eyewitness testimony placing him at the scene.[15]

The court of appeals held that Groves failed to establish sufficient prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), and failed to show that the plea was involuntary. The appellate court found there was no reasonable likelihood Petitioner would have rejected the plea offer had trial counsel advised him of his eligibility for parole or predicted the effect of untested forensic evidence and no possibility of probation. Despite Groves's claim of a side deal, defense counsel commented on the strength of the evidence – the court of appeals described it as overwhelming – and stated that Groves wanted to take advantage of a good plea offer.[16] The court of appeals emphasized that Groves faced a life sentence, but under the plea agreement Groves accepted a minimum sentence for the felony charges. The court of appeals concluded the record refuted Groves's claims and, under a totality of the circumstances, Groves's decision to plead guilty was voluntary. The Court agrees.

The Court concludes the state court adjudication of Groves's ineffective-assistance claims was not an unreasonable application of *Strickland* and clearly established federal law. The state court reasonably determined there was no reasonable probability, much less a probability sufficient to undermine the outcome, that Groves would have turned down the plea offer. There is no support for the claim that the state court unreasonably determined that under a totality of the circumstances, Groves involuntarily pleaded guilty. Although trial counsel's

---

[15]Ex. to Pet., 2009 Opinion at p. 3.

[16]Respondent states that defense counsel advised against the plea offer because forensic evidence had yet to be tested, although at the time of the plea hearing defense counsel twice commented that the evidence against Groves was overwhelming. (Mot. for Summ. J. at 2).

omission, in the trial court's view, constituted an unprofessional error, the court of appeals

correctly noted an expectation of parole does not vitiate the voluntariness of a guilty plea if the

defendant has clear notice of the maximum sentence. *McAdoo v. Elo*, 365 F.3d 487, 495 (6th Cir.

2004). "Where the defendant was fully aware of the likely consequences when he pleaded guilty

it is not unfair to expect him to live with those consequences." *Mabry v. Johnson*, 467 U.S. 504,

511 (1984) (internal quotations omitted) (abrogated, in part, on other grounds by *Puckett v.*

*United States,* 129 S.Ct. 1423 n.1 (2009)). A defendant must, therefore, be aware of the

maximum sentence that may be imposed after entering a guilty plea. *Hart v. Marion Corr. Inst.*,

927 F.2d 256, 259 (6th Cir. 1991). There is no dispute Groves had clear notice that he would be

sentenced twenty years to serve, that he would not be given probation, and that he would not be

able to contest the sufficiency of the evidence, including anticipated forensic test results, against

him. Groves's claims of ineffective assistance, therefore, fail on the merits.

**Petition, Ground Three: Double Jeopardy**

Groves alleges the conviction for both first-degree robbery and first-degree wanton

endangerment violates the Double Jeopardy Clause of the Fifth Amendment. Double jeopardy

protection extends not only to successive prosecutions but also to multiple punishments for the

same offense. Essentially, double jeopardy bars a court from imposing more punishment under a

criminal statute than the legislature intended. *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).

Groves argues the underlying facts which support the robbery and wanton endangerment

charges overlap, that is, use of weapon, which supports the robbery charge, and pointing a

revolver during the robbery, which supports the wanton endangerment charge. A conviction on

two charges arising from the same conduct, in Groves's view, violates his right against double

jeopardy.

The Kentucky Court of Appeals rejected this claim by stating, simply, that "we find this argument without merit having found his plea was voluntary." The court of appeals cited to *Centers v. Commonwealth*, 799 S.W.2d 51, 55 (Ky.App. 1990), for the proposition that by voluntarily pleading guilty, a defendant waives all defenses except the defense that the indictment fails to charge an offense. Respondent argues Groves's double jeopardy claim fails on the same basis.

The Court concludes the double jeopardy claim lacks merit, although on different grounds. In *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the Supreme Court of the United States held that no double-jeopardy violation arises as long as each offense "requires proof of a fact which the other does not." *United States v. Davis*, 306 F.3d 398, 417 (6th Cir. 2002) (internal quotations omitted.) The elements of first degree robbery and wanton endangerment are distinguishable, each charge requires proof of an additional fact. The Kentucky Court of Appeals, after quoting the *Blockburger* test, has addressed this issue in an unreported opinion, as follows:

> A person is guilty of robbery in the first degree "when, in the course of committing theft, he uses or threatens the immediate *use of physical force upon another person* with intent to accomplish the theft," and he is "armed with a deadly weapon" or "uses or threatens the use of a dangerous instrument upon any person who is not a participant in the crime." [KY. REV. STAT. ANN. § 515.020(1).] A person is guilty of wanton endangerment in the first degree "when, under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person." [KY. REV. STAT. ANN. § 508.060.]
> Robbery requires that a theft is being committed. Wanton endangerment does not. Wanton endangerment requires

9

circumstances *manifesting extreme indifference to the value of human life* and wanton conduct which creates a substantial danger of death or serious physical injury. Robbery does not.

*Grider v. Commonwealth*, 2008 WL 299023 (Ky. App. Feb. 1, 2008) (emphasis added).

The *Grider* opinion provides persuasive analysis of this issue. Robbery and wanton endangerment, while both require proof, as Groves describes it, of pointing the revolver, robbery requires the additional fact of an attempt to accomplish a theft, and wanton endangerment requires the additional fact of extreme indifference to the value of human life. Because the two charges require "proof of a fact which the other does not," the *Blockburger* test is satisfied. The Court therefore concludes the double jeopardy claim lacks merit.

**Petition, Ground Four: Due Process**

Groves claims the trial court denied his right to due process by allowing the prosecutor to welch on the plea agreement following the finding of newly discovered evidence. Groves explains, "The shirt came back with no DNA which tended to be exculpatory for Groves."[17]

The Kentucky Court of Appeals quickly disposed this claim on the facts. The plea colloquy and plea agreement establish that "the trial court fully informed Groves that the plea was not conditional and that there would be no opportunity to revisit the evidence or the conviction. In addition, the trial court specifically informed Groves that there would be no opportunity for probation in this case. The trial court even crossed out language of probation in the plea agreement Groves initialed the change and signed the agreement."[18]

The Court agrees. The trial court could not have been clearer. This claim wholly lacks

_____

[17]Mem. in Support of Pet. at p. 18 (Dkt 1, Doc. 1-2 at 18 of 30).

[18]Ex. to Pet., 2009 Opinion at p. 3-4.

any basis in law and fact.  The Court concludes the petition fails to show the state court's

decision rejecting this claim was objectively unreasonable.

## III.

The Court concludes the petition fails to show that the state court's adjudication of the

four claims presented in this petition was incorrect and objectively unreasonable, or otherwise

fails to satisfy the conditions for habeas relief under § 2254(d), (e).  Accordingly, the Court will

enter a separate order dismissing the petition.

## IV.  Certificate of Appealability

To appeal an ordering denying habeas relief, the petitioner must make "a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253.  This does not require a

showing that the appeal will succeed.  *Slack v. McDaniel*, 529 U.S. 473 (2000).  Rather, the

petitioner must show that reasonable jurists could find debatable whether the petition should be

resolved in a different manner or that the matter deserves further review.  *Miller-El v. Cockrell*,

537 U.S. 322 (2003).  The Court concludes no reasonable jurist could find debatable the

conclusion, in this opinion that Groves's claims of ineffective assistance of counsel, double

jeopardy, and due process fail to satisfy the conditions for granting habeas relief under

§ 2254(d),(e).  The Court will therefore deny a certificate of appealability.

DATE:

Copies to:  counsel of record

4414.007